UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.:   CV 13-7193-JSL (MAN)                                        Date:  October 2, 2013

Title:   Anthony Antoine Birtha v. Warden Linda McGrew
=================================================================================
DOCKET ENTRY:     Order To Show Cause Why This Action Should Not Be Dismissed
=================================================================================
PRESENT:

              Hon. Margaret A. Nagle    , United States Magistrate Judge

        Earlene Carson                 N/A
        Deputy Clerk                   Court Reporter/Tape No.

ATTORNEYS PRESENT FOR PETITIONER:      ATTORNEYS PRESENT FOR RESPONDENTS:

   N/A                                      N/A

**PROCEEDINGS (In Chambers):**

On December 31, 2012, Petitioner filed a 28 U.S.C. § 2241 habeas petition in this Court (the "Prior Petition"). The allegations of the Prior Petition were brief and somewhat confusing. Petitioner appeared to contend that the United States Bureau of Prisons ("BOP") lacks the authority to schedule payments by Petitioner pursuant to the Inmate Financial Responsibility Program ("IFRP") in connection with a special assessment and restitution imposed by the court that sentenced him.[1] Petitioner also appeared to argue that the criminal judgment imposed upon him lacks a payment schedule, and thus, the BOP has no authority to subject him to adverse consequences should he fail to participate in the IFRP and/or fail to meet a payment schedule to which he has agreed.[2] The

---

[1]    Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files in the Prior Petition action. These show, *inter alia*, that: in September 2009, Petitioner sustained convictions in the United States District Court for the Western District of Louisiana for 15 violations of the United States Code, including drug trafficking crimes involving violence and the use of weapons; and in addition to the prison term imposed, the sentencing court imposed a special assessment of $1,500 and ordered restitution of $3,000; the restitution was ordered to be paid "in an amount of no less than $100.00 per month, commencing within 30 days of release from imprisonment," Petitioner appealed his convictions, but he did not challenge his sentence or the restitution and special assessment imposed. The United States Court of Appeals for the Fifth Circuit affirmed the convictions.

[2]    Petitioner did not allege that he had declined to participate in the IFRP and/or that he had suffered, or been threatened with, any adverse consequences due to any such nonparticipation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 13-7193-JSL (MAN)                                            Date:  October 2, 2013

Prior Petition sought, as relief, an Order from this Court designating him "IFRP EXEMPT" throughout the course of his incarceration and, further, instructing the BOP that Petitioner cannot be sanctioned or precluded from prison employment if he refuses to satisfy his financial obligations through participation in the IFRP.

Respondent moved to dismiss the Prior Petition, and the parties submitted briefing.  On May 28, 2013, the Court issued a Report and Recommendation ("Prior Petition R&R"), in which it concluded that dismissal of the Prior Petition, without prejudice, was warranted, on the grounds that:  Petitioner had not exhausted his administrative remedies and waiving the exhaustion requirement would be inappropriate; and the claim raised in the Prior Petition was not ripe for adjudication, because the record showed that the BOP had not collected a single restitution payment from Petitioner, nor had the BOP threatened to do so.[3]  Petitioner did not file Objections to the Prior Petition R&R.  On July 22, 2013, United States District Judge J. Spencer Letts accepted the Prior Petition R&R, and Judgment was entered dismissing the Prior Petition action without prejudice.  Petitioner did not appeal.

The Court now is in receipt of a second Section 2241 habeas petition filed by Petitioner on September 27, 2013 ("Petition").  Like the Prior Petition, the instant Petition is brief, cryptic, and bereft of any factual allegations.  Petitioner again appears to seek an Order from this Court prohibiting the BOP from collecting payments from Petitioner in connection with the restitution and special assessment imposed by the sentencing court in 2009.

The Petition does not allege that Petitioner exhausted his administrative remedies with respect to the subject matter of the Petition.  Nor does Petitioner allege that, with respect to his restitution obligation, he has declined to participate in the IFRP and/or that he has suffered, or been threatened with, any adverse consequences due to any such nonparticipation.[4]  Thus, the instant

---

[3] As the Court noted in the Prior Petition R&R, there is ample authority holding that the rule prohibiting a court from delegating its authority to set a restitution payment schedule is inapplicable to a special assessment such as that imposed in Petitioner's criminal case.

[4] With respect to the special assessment, the Court's finding in the Prior Petition action -- that the BOP is entitled to collect such assessment pursuant to the IFRP -- is *res judicata* and, thus, binding in this case, given

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 13-7193-JSL (MAN)                              Date:  October 2, 2013

Petition appears to suffer from the same exhaustion and ripeness defects that required dismissal of the Prior Petition.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed for the same reasons the Prior Petition was dismissed, namely, for failure to exhaust administrative remedies and/or lack of ripeness.  If Petitioner objects to the dismissal of this action, then **by no later than November 5, 2013**, he shall file a response to this Order To Show Cause, in which he must provide evidence establishing that:  he has exhausted his administrative remedies with respect to his present claim; and his claim is ripe for adjudication.

> **Petitioner is cautioned that the failure to file a timely response to this Order To Show Cause and to establish that he has exhausted his administrative remedies and his claim is ripe will result in a recommendation to the District Judge that this action be dismissed.**

IT IS SO ORDERED.

---

Petitioner's failure to object to it and to appeal the Judgment in the Prior Petition action.

MINUTES FORM 11                                                Initials of Deputy Clerk _efc____
CIVIL - GEN