O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY ANTIONE BIRTHA, | ) | NO. CV 13-7193-JSL (MAN) |
| Petitioner, | ) ) | ORDER: DISMISSING PETITION WITHOUT PREJUDICE |
| v. | ) | |
| WARDEN LINDA McGREW, | ) | |
| Respondent. | ) ) | |

On September 27, 2013, Petitioner, a federal prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2241 ("Petition"). This is Petitioner's second Section 2241 petition in this Court in the past year involving the same subject-matter.

More specifically, on December 31, 2012, Petitioner filed a Section 2241 habeas petition in this district in Case No. EDCV 12-2292-JSL (MAN) (the "Prior Petition"). The allegations of the Prior Petition were brief and somewhat confusing. Petitioner appeared to contend that the United States Bureau of Prisons ("BOP") lacks authority to schedule payments by Petitioner pursuant to the Inmate Financial Responsibility Program ("IFRP") to satisfy a special assessment and

restitution obligation imposed by the court that sentenced him.[1] Petitioner also appeared to argue that the criminal judgment imposed upon him lacks a payment schedule, and thus, the BOP has no authority to subject him to adverse consequences should he fail to participate in the IFRP and/or fail to meet a payment schedule to which he agreed.[2] The Prior Petition sought, as relief, an Order from this Court designating Petitioner to be "IFRP EXEMPT" throughout the course of his incarceration and, further, instructing the BOP that Petitioner cannot be sanctioned or precluded from prison employment if he refuses to satisfy his financial obligations through participation in the IFRP.

Respondent moved to dismiss the Prior Petition, and the parties submitted briefing. On May 28, 2013, United States Magistrate Judge Margaret A. Nagle issued a Report and Recommendation ("Prior Petition R&R"), in which she concluded that dismissal of the Prior Petition, without prejudice, was warranted, on the grounds that: Petitioner had not exhausted his administrative remedies, and waiving the exhaustion requirement would be inappropriate; and the claim raised in the Prior Petition was not ripe for adjudication, because the record showed that the BOP had neither collected a single restitution payment from Petitioner nor threatened to do so.[3] Petitioner did not file Objections to the Prior Petition R&R. On July 22, 2013, the Court

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files in the Prior Petition action. These show, *inter alia*, that: in September 2009, Petitioner sustained convictions in the United States District Court for the Western District of Louisiana for 15 violations of the United States Code, including drug trafficking crimes involving violence and the use of weapons; in addition to the prison term imposed, the sentencing court imposed a special assessment of $1,500 and ordered restitution of $3,000; the restitution was ordered to be paid "in an amount of no less than $100.00 per month, commencing within 30 days of release from imprisonment"; although Petitioner appealed his convictions, he did not challenge his sentence or the restitution and special assessment imposed; and the United States Court of Appeals for the Fifth Circuit affirmed the convictions.

[2] Petitioner did not allege that he had declined to participate in the IFRP and/or that he had suffered, or been threatened with, adverse consequences due to any such nonparticipation.

[3] As Magistrate Judge Nagle noted in the Prior Petition R&R, there is ample authority to the effect that the rule prohibiting a court from delegating its authority to set a restitution payment schedule is inapplicable to a special assessment such as that imposed in Petitioner's criminal case.

accepted the Prior Petition R&R, and Judgment was entered dismissing the Prior Petition action without prejudice. Petitioner did not appeal.

Like the Prior Petition, the instant Petition is brief, cryptic, and bereft of any factual allegations. Petitioner again appears to challenge the BOP's authority to apply the IFRP to him and to seek an Order from this Court prohibiting the BOP from collecting payments from Petitioner to satisfy the restitution obligation and special assessment imposed by the sentencing court in 2009. The Petition does not allege that Petitioner exhausted his administrative remedies with respect to the subject-matter of the Petition. Nor does Petitioner allege that, with respect to his restitution obligation, he has declined to participate in the IFRP and/or that he has suffered, or been threatened with, adverse consequences due to any such nonparticipation.[4] Thus, the instant Petition suffers from the same exhaustion and ripeness defects that required dismissal of the Prior Petition.

Based on these ripeness and exhaustion defects, on October 2, 2013, Magistrate Judge Nagle issued an Order To Show Cause ("OSC"). The OSC directed Petitioner to show cause why this action should not be dismissed for the same reasons the Prior Petition was dismissed, namely, for failure to exhaust administrative remedies and/or lack of ripeness. The OSC advised Petitioner that, if he objected to the dismissal of this action, then by no later than November 5, 2013, he was required to file a response providing evidence establishing that: he has exhausted his administrative remedies with respect to his present claim; and his claim is ripe for adjudication. The OSC warned Petitioner as follows:

**Petitioner is cautioned that the failure to file a timely response to this**

---

[4] With respect to the special assessment, the Court's finding in the Prior Petition action -- that the BOP is entitled to collect this assessment pursuant to the IFRP -- is *res judicata* and, thus, binding in this case, given Petitioner's failure to object to it and to appeal the Judgment in the Prior Petition action.

**Order To Show Cause and to establish that he has exhausted his administrative remedies and his claim is ripe will result in a recommendation to the District Judge that this action be dismissed.**

It is now weeks past the November 5, 2013 due date for Petitioner's response to the OSC. Petitioner has neither filed a response to the OSC nor otherwise contacted the Court. Based on the record, it is apparent that the instant Petition is not ripe for adjudication and is unexhausted. Thus, as was the case with the Prior Petition action, this action must be dismissed, without prejudice, for lack of exhaustion and ripeness.

Accordingly, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

IT IS SO ORDERED.

DATED: 22 Jan. 2014 .

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE